IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL JAMES THOMPSON,      )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:07CV587
                             )
OFFICER JACK CATES, et al.,  )
                             )
          Defendant(s).      )

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Michael James Thompson, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a). Plaintiff names Durham Police Officers Jack Cates and S.W. Vaughan, as well as the City of Durham, as defendants in the case. He alleges that the officers searched his house pursuant to a warrant, but did not give him a copy of the warrant at that time. He also claims that Officer Vaughan falsely stated to a state magistrate that he did leave a copy while making a return on the warrant. Plaintiff may be claiming that the warrant itself was falsified in some way. Finally, he seeks to hold the City of Durham responsible for the individual defendants' actions based on "vicarious liability due [to] gross negligence and negligent supervision and training of Durham City Police Officers." (Docket No. 2 ¶ 5.)

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The Court may dismiss a complaint under 28 U.S.C. § 1915A even though Plaintiff has not exhausted state administrative remedies.

As an initial matter, the Court notes that Plaintiff is apparently attempting to undermine his conviction for being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plaintiff was indicted on that charge in this Court, vigorously pursued the issues he raises in his current complaint in a motion to suppress, and

then pled guilty to the firearm possession charge when the motion to suppress was denied. (Case No. 1:06CR34-1 Docket Nos. 1, 13, 15, 19, 22, 24.) Plaintiff now seeks to relitigate the issues that were raised in his suppression motion. Plaintiff would not be permitted to do this without first showing that such conviction had been reversed on direct appeal, expunged by Executive Order, or otherwise called into question by a federal court. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Plaintiff's claims against the individual defendants is also barred for another reason. As already stated, Plaintiff fully litigated these issues and lost during his criminal case. He identifies no injury from the alleged constitutional violation beyond, perhaps, the criminal prosecution that followed. However, as was also already stated, he cannot now contest the issues decided in that case in a separate civil action. The litigation of the same or similar issues in a prior case can be a proper reason for the dismissal of a prisoner complaint and it is appropriate here. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); Todd, 712 F.2d at 74.

Plaintiff's suit cannot proceed against the City of Durham either. First, it is based on Plaintiff's allegations against the individual defendants and should be dismissed because those allegations are being dismissed. Second, it is based on supervisory liability. The doctrine of respondeat superior is inapplicable to § 1983 actions, Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), except where a plaintiff can establish supervisory indifference, Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984). To establish supervisory

indifference, Plaintiff would have to show that the supervisory party had notice of the acts of its subordinates and, moreover, that there was a causal link between the supervisory inaction and the harm suffered. Id. at 373-76. Plaintiff makes no allegations that the City of Durham was aware of its officer's actions or the need for different training. He also mentions negligence as part of his claims, but simple negligence fails to implicate the rights secured by the Constitution or the laws of the United States. See, e.g., Davidson v. Cannon, 474 U.S. 344, 348 (1986) (failure to take due care, as opposed to deliberate indifference to possible harm, is not the sort of governmental abuse which the Due Process Clause was designed to prevent); Estelle v. Gamble, 429 U.S. 97, 106, 104 (1976) (only deliberate indifference on part of supervisory official to potential harm can offend the "evolving standards of decency" in violation of the Eighth Amendment).

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis should therefore not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires that an initial payment of $24.42 be made. Plaintiff must also agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

Also, Plaintiff has made a motion for appointment of counsel. The dismissal of his case moots this motion and it will be denied.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $24.42 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket No. 3.) is denied for being moot.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

_____
**Wallace W. Dixon, U. S. Magistrate Judge**

August 15, 2007

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL JAMES THOMPSON, )
)
                Plaintiff, )
)
       v. )     1:07CV587
)
OFFICER JACK CATES, et al., )
)
                Defendant(s). )

## **CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT**

    I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____